IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER SHANE LANGSTON

      Plaintiff,                    No. CIV S-10-2715 GGH P

  vs.

RYAN ENKOJII, et al,

      Defendants.          <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff names several Sacramento police officers as defendants and alleges that the circumstances surrounding his September 18, 2007 arrest constituted racial profiling in violation of his constitutional rights. Plaintiff was allegedly arrested after police suspected (or claimed to suspect, as a pretext for racial discrimination) that petitioner was driving a stolen vehicle. After a few blocks' pursuit, plaintiff allegedly crashed his car into a wrought iron fence, jumped the fence, and attempted to escape on foot before he was apprehended by officers and held at gunpoint. The complaint alleges that, after the officers ascertained that plaintiff's vehicle was not stolen, they arrested plaintiff on grounds not stated in the complaint. Based on this incident, plaintiff claims he was "falsely accused [and] falsely arrested." (Complaint at 3.)

Plaintiff further alleges that the officers who testified against him at a May 2008 discovery hearing committed perjury. He names as additional defendants the defense and prosecuting attorneys at his pre-trial proceedings, alleging that they "conspired to cover up the racial profiling, by way of withholding evidence which would have proved . . . police misconduct." (Id. at 6.) Plaintiff states that, on May 21, 2010, after failing to gain access to the discovery materials he requested, he pled "guilty to all charges resulting from the illegal arrest" in September 2007. (Id. at 7.) He asserts that his incarceration on this basis constitutes "false imprison[ment]." (Id. at 3.)

Here, plaintiff's false arrest and imprisonment claims concern the validity of his conviction or sentence. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827 (1973);

Young v. Kenny, 907 F.2d 874 (9th Cir. 1990).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88, 114 S.Ct. 2364 (1994).  The bar of Heck applies generally to claims of unlawful or false arrest that are in turn based on challenges to the validity or sufficiency of evidence relied upon to detain, arrest, and convict an individual.  Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998).  Here, petitioner claims that he was arrested based on the practice of racial profiling rather than on evidence legally sufficient to arrest him.  He has not demonstrated that any conviction or sentence that resulted from the September 2007 incident has been invalidated.  Thus, under Heck, his claims regarding his September 2007 arrest should be dismissed.

Similarly, plaintiff's allegations of wrongdoing in his trial-level proceedings, such as perjury, prosecutorial misconduct, and conspiracy to withhold evidence, would necessarily bear upon the validity of his conviction and thus are barred by Heck.  See Oberg v. Asotin County, 310 Fed. Appx. 114 (9th Cir. 2009) (district court properly dismissed claims alleging racketeering conspiracy and challenging criminal investigation, as such claims necessarily implied the invalidity of plaintiff's convictions).  Should plaintiff choose to amend his complaint, he should note that prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions.  Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984 (1976).  Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.  See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).  The Ninth Circuit has also held that a state public defender performing traditional lawyer functions is not a state actor subject to § 1983.

4

Miranda v. Clark County, Nev., 319 F.3d 465, 468 (9th Cir. 2003).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

\\\\\
\\\\\
\\\\\
\\\\\

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: January 3, 2011

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE