IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER SHANE LANGSTON

      Plaintiff,               No. CIV S-10-2715 GGH P

   vs.

RYAN ENKOJII, et al,

      Defendants.        <u>ORDER</u>

_____/

      Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff's original complaint was dismissed and plaintiff filed an amended complaint on March 10, 2011.  Plaintiff has consented to the jurisdiction of the undersigned.

      As stated before, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\\

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff's original complaint alleged that he was arrested on September 18, 2007, based on unconstitutional racial profiling. Plaintiff claimed that, due to the alleged misconduct of various police officers and attorneys, he was falsely accused, arrested, and convicted. Plaintiff

further alleged that, after failing to gain access to the discovery materials he requested, he pled

guilty to all charges "resulting from the illegal arrest" and that his incarceration on this basis

constituted "false imprisonment." (Compl. at 3, 7.)  Named defendants included several

Sacramento police officers and the defense and prosecuting attorneys at his pre-trial proceedings.

The undersigned set forth why plaintiff's claims were barred by Heck v. Humphrey, 512 U.S.

477, 487-88, 114 S.Ct. 2364 (1994), and also noted that, under § 1983, prosecutors are immune

to civil suit and public defenders performing traditional lawyer functions are not considered to be

"state actors."  Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984 (1976); Miranda v. Clark County,

Nev., 319 F.3d 465, 468 (9th Cir. 2003).

        Plaintiff's amended complaint does not reiterate plaintiff's original allegations

about his September 2007 arrest.  See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

Cir.1981) ("[A] plaintiff waives all causes of action alleged in the original complaint which are

not alleged in the amended complaint.")  Rather, the amended complaint alleges that prosecutor

Stephen Choe and defense attorney Arturo Reyes conspired to disobey a court order and abused

their authority.  (Amended Complaint ("FAC") at 2.)  Having reviewed the attached transcript of

plaintiff's pre-trial hearings, the court understands plaintiff to allege as follows:  Plaintiff was at

one time represented by attorney Reyes, but as of April 29, 2008, the date set for trial to begin, he

chose to represent himself.  (FAC, attached Record of Transcript ("RT") at 16.)  On May 1, 2008,

after plaintiff complained that he had not yet received all defense discovery material, Sacramento

County Superior Court Judge Hon. David de Alba ordered attorney Reyes to turn over to plaintiff

any discovery material he had not yet given him, and to appear in court on May 5, 2008. (Id. at

22, 33.)  In the amended complaint, plaintiff alleges that prosecutor Choe "advise[d] the defense

attorney to disobey [the] court" by suggesting that attorney Reyes did not have to follow Judge de

Alba's order to turn over discovery to plaintiff and/or appear in court on May 5, 2007.  (FAC at

3, 7; see RT at 153.)  However, the attached transcript of plaintiff's May 7, 2008 hearing

indicates that, despite any such exchange, attorney Reyes "appeared yesterday morning, and he

3

1   was ready to come to court and deal with this case." (FAC, attached RT at 153.)  At that hearing,

2   plaintiff testified that he had received the discovery materials.  (Id. at 68-69.)

3          In order to state a claim under § 1983, a plaintiff must allege that:  (1) defendant

4   was acting under color of state law at the time the complained of act was committed; and (2)

5   defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the

6   Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48

7   (1988).  Here, plaintiff has not alleged that defendants' conduct has deprived him of any rights or

8   privileges secured by federal law.  As far as the court can discern, the only harm he is alleging is

9   that his former defense attorney did not turn over all the discovery materials in his case as soon

10  as plaintiff would have liked, and that prosecutor Choe discouraged Reyes from timely turning

11  over the materials.  Neither of these rise to the level of cognizable claims under § 1983.

12  Moreover, as the undersigned has explained, neither Choe nor Reyes are proper defendants under

13  § 1983.  Citing Burns v. Reed, 500 U.S. 478, 495, 111 S.Ct. 1934, 1944 (U.S. 1991), plaintiff

14  argues that prosecutor Choe is not entitled to absolute immunity because his alleged actions were

15  not "closely associated with the judicial process."  Burns held that a prosecutor had qualified

16  immunity for giving legal advice to police officers and does not apply to the facts alleged here, as

17  prosecutor Choe's alleged actions were closely associated with the judicial proceedings in

18  plaintiff's case.

19         Under Federal Rule of Civil Procedure 15(a)(2), federal courts are instructed to

20  "freely give leave [to amend] when justice so requires." A district court, however, may in its

21  discretion deny leave to amend "due to 'undue delay, bad faith or dilatory motive on the part of

22  the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

23  prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of

24  amendment.' " Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008)

25  (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227 (1962)).  Because plaintiff has failed

26  twice to state a cognizable claim under § 1983 and the court fails to detect even a potentially

4

1  meritorious claim from the facts alleged, the undersigned will dismiss this action without

2  prejudice.

3            In accordance with the above, IT IS HEREBY ORDERED that:

4            1. The first amended complaint is dismissed without prejudice for the reasons

5  discussed above; and

6            2.  The Clerk of Court shall close this case.

7  DATED: April 26, 2011

8

9                                        /s/ Gregory G. Hollows

                                         _____
10  ggh:14                               UNITED STATES MAGISTRATE JUDGE
    lang2715.scrn2

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26